IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
DEC 13 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

JANICE SIGNORE,

      Plaintiff,

v.                                                                     CIVIL ACTION NO. 2:12cv539

BANK OF AMERICA, N.A.,
BAC HOME LOANS SERVICING, LP,
and
DISYS,

      Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court are three Motions to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendants Bank of America, BAC Home Loans Servicing, and DISYS. These matters have been fully briefed and are ripe for judicial determination. For the reasons stated herein, BAC Home Loans Servicing's Motion to Dismiss is **DENIED**. Bank of America's and DISYS's Motions to Dismiss are **GRANTED IN PART**, and the Court will accordingly dismiss Defendant's retaliation claim based on disability. Bank of America's and DISYS's Motions to Dismiss are **DENIED IN PART**, as to the remainder of their contentions. Further, Plaintiff is **GRANTED** limited discovery as to BAC, as detailed below.

### I. FACTUAL AND PROCEDURAL HISTORY

Most of the relevant facts underlying this action were recited in the Court's October 8, 2013 Order ruling on the Defendants' first Motions to Dismiss. ECF No. 41. The Court will

discuss below as necessary any new factual history relevant to deciding the instant Motions to Dismiss.

The Court's October 8, 2013 Order resolved the three Defendants' first Motions to Dismiss Plaintiff Janice Signore's First Amended Complaint. Plaintiff had alleged age, disability, and religious discrimination against her alleged employers. As to Bank of America, N.A. ("BANA"), the Court denied its Motion to Dismiss for lack of subject matter jurisdiction, finding that Plaintiff's suit was timely filed, and denied its Motion to Dismiss on the grounds that Plaintiff had not adequately pled that BANA was her employer. As to both BANA and Defendant DISYS, the Court 1) granted their Motions to Dismiss Plaintiff's American with Disabilities Act ("ADA") claim, finding that Plaintiff had not shown she was disabled, 2) denied their Motions to Dismiss Plaintiff's Age Discrimination in Employment Act ("ADEA") claim, 3) granted their Motions to Dismiss Plaintiff's Title VII claim in light of Plaintiff's concession that she had had failed to make out a claim based on any religious discrimination, and 4) granted their Motions to Dismiss Plaintiff's retaliation claims but gave Plaintiff leave to amend her complaint to adequately plead retaliation. As to Defendant BAC Home Loans Servicing, LP, ("BAC") the Court granted its Motion to Dismiss because Plaintiff had failed to plead wrongdoing on the part of BAC, but granted Plaintiff leave to amend her complaint.

On October 21, 2013, Plaintiff filed her Second Amended Complaint. All three Defendants filed a second set of Motions to Dismiss on November 7, 2013. BAC renewed its claim that Plaintiff had failed to adequately plead any wrongdoing against it. BANA argued that Plaintiff's amended retaliation claims failed to plausibly state a claim for relief. DISYS contended that the Second Amended Complaint did not show that it had engaged in age discrimination or retaliation against Plaintiff. Plaintiff filed Oppositions to each Motion on

2

November 21, 2013, and the Defendants filed their Replies on November 27, 2013. The Motions are fully briefed and ripe for judicial determination.

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ P. 12(b)(6). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (internal quotations omitted)). Specifically, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Moreover, at the motion to dismiss stage, the Court is bound to accept all of the factual allegations in the Complaint as true. *Id.* at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

### A. BAC's Motion to Dismiss

In Plaintiff's First Amended Complaint, the sole mention of Defendant BAC was that it was a subsidiary of BANA, for whom Plaintiff claimed that she worked as a contractor employee at one of its offices. Am. Compl. ¶ 1. In her Opposition to BAC's first Motion to Dismiss, Plaintiff contradictorily asserted that BANA is in fact BAC's successor by merger as of July 20, 2011, a date in the midst of Plaintiff's employment from June 2011 to January 2012. Second

3

Am. Compl. ¶ 2. The Court granted BAC's Motion to Dismiss because it found that the First Amended Complaint was devoid of any allegations of wrongdoing against BAC, alleged to be a subsidiary. But it granted Plaintiff leave to amend the complaint as to its allegations against BAC.

Plaintiff has failed to ascertain the nature of the relationship between and BAC and BANA, and has simply amended her complaint to 1) substitute the terms "BAC and BANA" or "BAC/BANA" where the complaint had previously referenced only BANA 2) assert that she just does not know what the relationship is between the two entities, and whether there was a merger or if BAC is a subsidiary, and 3) cite the two cases that the Court cited in its previous order which reference two different dates for mergers between BANA and BAC. Second Am. Compl. ¶ 4 & n.1. BAC emphasizes this lack of specificity in the Second Amended Complaint in its renewed Motion to Dismiss, and contends that either BAC is a subsidiary, in which case Plaintiff must make specific allegations against it, or BANA is BAC's successor and therefore the only proper Defendant of the two.

The Court concludes that Plaintiff's amendments and the possibility that the merger took place in the midst of her employment are sufficient to survive BAC's Motion to Dismiss. Therefore, BAC's Motion to Dismiss is **DENIED**. Nonetheless, the Court will not allow full discovery to proceed against both BANA and BAC without first ascertaining the precise nature of their relationship and whether both are properly parties to this action as Plaintiff's employer. Accordingly, Plaintiff is **GRANTED** limited discovery to ascertain the nature of the corporate relationship. This discovery shall conclude no later than **THIRTY (30) DAYS** from the date of this Order. Plaintiff is cautioned that this is her last opportunity to resolve this matter.

## B. BANA's Motion to Dismiss

The Court's previous Order granted BANA's Motion to Dismiss Plaintiff's retaliation claims, noting that Plaintiff did not adequately plead that she engaged in "protected activity"—*e.g.*, that she complained to her employer about any discrimination—and that she failed to sufficiently show a causal link between any protected activity and any adverse employment action—*e.g.*, her alleged constructive discharge. But it gave Plaintiff leave to amend her complaint, and BANA now argues that even after her amendments, the Second Amended Complaint suffers from the same inadequacies as did her initial retaliation claims.

To state a viable claim under either the ADA or ADEA, "a plaintiff must allege that (1) the plaintiff engaged in protected activity, . . . (2) the employer took adverse employment action against the plaintiff; and (3) a causal connection existed between the protected activity and the adverse action." *Krane v. Capital One Servs.*, 314 F. Supp. 2d 589, 610 (E.D. Va. 2004). Plaintiff's Second Amended Complaint alleges that she was retaliated against on the basis of both age and disability. *See* 29 U.S.C. § 623(d) (ADEA) ("It shall be unlawful for an employer to discriminate . . . because [an employee] has opposed any practice made unlawful by this section . . . ."); 43 U.S.C. § 12203 (ADA) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter.").

The substance of Plaintiff's claim of retaliation relating to disability is as follows: Because of her medical issues, Plaintiff was too tired to shop after work when it was her turn to provide snacks for the office's "Snack Day." Second Am. Compl. ¶ 26. She says she "attempted to discuss an alternative" with her supervisor and approached that supervisor "to request a possible accommodation." *Id.* ¶ 27. As a result, she says, she was "publicly ridiculed" by her supervisor who sent an email to other employees that "it was an unhappy day on snack day" and

5

cancelled the event. *Id.* ¶ 27. Further, Plaintiff says she reported this incident to the Unit Manager on more than one occasion, *id.* ¶ 34. Later, on her last day of work, Plaintiff was called into his office and questioned about the incident and others. *Id.* ¶ 31. At that time, she expressed her concern that "she was being unfairly targeted . . . because of her physical limitations." *Id.* Shortly thereafter, her supervisor placed her on "final warning." *Id.* ¶ 32.

BANA first contends that Plaintiff has not satisfied the first prong of a retaliation claim because she failed to show that she engaged in protected activity regarding a disability. Although the Court concluded in its first Order that Plaintiff was not disabled, it also noted that Plaintiff could nonetheless have a viable retaliation claim based on disability. But such a plaintiff must have had an actual and objectively reasonable belief that he or she was engaging in protected activity by opposing a practice made unlawful by the ADA. *Peters v. Jenney*, 327 F.3d 307, 320-21 (4th Cir. 2003). *See also* 42 U.S.C. § 12112 (describing what is proscribed by the ADA). Second, BANA argues that Plaintiff has not shown a causal connection between any protective activity she engaged in and the final warning she was issued and her constructive discharge, potential adverse employment actions.

Plaintiff says only that she asked her supervisor for an alternative to snack day. She does not indicate that she told the supervisor that she could not participate because she was disabled or even because she fatigued and had health issues, or that she complained to her at that point about being discriminated against because of her disability. Accordingly, she has not shown that she reasonably believed she was engaging in protected activity at that time. Plaintiff does, however, specifically say that she told her Unit Manager that she was being discriminated against because of her physical limitations. But even if that did amount to conduct she reasonably believed was protected under the ADA, Plaintiff repeatedly says in the Second Amended Complaint that it was

6

her supervisor who issued her the final warning and created the hostile work environment that led to her constructive discharge, not the Unit Manager. *E.g.*, Second Am. Compl. ¶ 33 ("Apparently, [the supervisor] put Plaintiff on a final warning without discussing it with her Unit Manager."). Plaintiff does allege that her supervisor learned on another occasion that Plaintiff went over her head by complaining to the Unit Manager, but that was in relation to a complaint Plaintiff made about her treatment based on her age. Second Am. Compl. ¶¶ 21-22. For these reasons, Plaintiff has also failed to show a sufficient causal connection between any protected activity and an adverse employment action. Therefore, BANA's Motion to Dismiss Platiniff's claim of retaliation based on disability is **GRANTED**.

Second, BANA contends that Plaintiff has failed to plead a viable age retaliation claim because she has failed to satisfy the causality element of a retaliation claim. This argument is without merit. To give one example, Plaintiff alleges that she complained to the Unit Manager that she felt that her supervisor "was harassing her, singling her out, and discriminating against her because of her age." Second Am. Compl. ¶ 21. She includes specific examples of such conduct and further alleges that her supervisor learned of the report Plaintiff made to the Unit Manager, increased her hostility and antagonism towards Plaintiff, and eventually gave Plaintiff a "final warning." These allegations are sufficient to survive BANA's Motion to Dismiss; therefore, its Motion to Dismiss Plaintiff's retaliation claim based on age is **DENIED**.

Accordingly, BANA's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

### C. DISYS's Motion to Dismiss

DISYS first submits that it should be dismissed as a Defendant entirely because it lacks an adequate employment relationship with Plaintiff. Implicitly in her Second Amended

7

Complaint and explicitly in her Opposition to DISYS's Motion to Dismiss, Plaintiff relies on a joint employer theory of liability. DISYS does not dispute that this theory is appropriate under the law, but contends that it does not qualify as a joint employer. Multiple district courts within the Fourth Circuit have applied joint employer liability in actions arising under federal employment discrimination laws. *See, e.g., Hicks v. Powell Staffing Solutions, Inc.*, No. 3:12cv439, 2012 WL 5040715 (E.D. Va. Oct. 17, 2012); *Murry v. Jacobs Tech., Inc.*, No. 1:10cv771, 2012 WL 1145938 (M.D.N.C. Apr. 5, 2012); *Riddle v. Greenville Transit Auth.*, No. 6:05-2617, 2006 WL 1328234 (D.S.C. May 12, 2006); *Magnuson v. Peak Technical Servs., Inc.*, 808 F. Supp. 500, 509-10 (E.D. Va. 1992). Joint employers are "two or more employers that are unrelated or that are not sufficiently related to qualify as an integrated enterprise, but that each exercise sufficient control of an individual to qualify as his/her employer." EEOC Compliance Manual § 2: Threshold Issues, available at http://www.eeoc.gov/policy/docs/threshold.html (last visited Dec. 9, 2013).

Temporary staffing agencies like DISYS are frequently the subject of litigation over whether or not they should be considered a plaintiff's employer. *Id.*; *Riddle v. Greenville Transit Auth.*, No. 6:05-2617, 2006 WL 1328234 (D.S.C. May 12, 2006). DISYS cites almost exclusively cases where courts have found that such agencies are not employers, but courts have reached differing conclusions depending on the scope of the agency's involvement with a plaintiff's employment. *Compare Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1356 (M.D. Fla. 2003) ("The mere fact that Adecco issued Plaintiffs their paychecks is not alone sufficient for Title VII employer status.") *with Hicks v. Powell Staffing Solutions, Inc.*, No. 3:12cv439, 2012 WL 5040715 at *3 (E.D. Va. Oct. 17, 2012) ("[T]hese facts taken together lead to the reasonable inference that Hicks was hired by Powell Staffing to work on AI's construction

8

sites. As the operators of a construction site, AI Defendants likely had some degree of control over Hicks's work.").

Because a circumstance-specific analysis is plainly required, the Court will turn again to the *Garrett* factors discussed in its October 8, 2013 Order. The Fourth Circuit has concluded that this doctrine "emphasizes the importance of the employer's control over the individual." *Garrett v. Phillips Mills, Inc.*, 721 F.2d 979, 981 (4th Cir. 1983). In *Garrett*, the court addressed an age discrimination claim and determined that control was the most important but not the only factor to consider when assessing whether an employment relationship exists, a case-by-case inquiry. *Id.* at 982. In addition to control, the so-called "*Garrett* factors" include:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; *i.e.*, by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

Plaintiff's Second Amended Complaint alleges that 1) DISYS hired her, Second Am. Compl. ¶ 2, 2) DISYS placed her at the BANA worksite, *id.*, 3) when Plaintiff informed it of her concerns about age discrimination, DISYS told her "to go back and sit at her desk" and to "not make waves," Second Am. Compl. ¶ 24, 4) after a certain incident with Plaintiff's supervisor, DISYS called and e-mailed Plaintiff with instructions to call them and told Plaintiff that she was on "final warning," Second Am. Compl. ¶ 32, and 5) BANA/BAC paid DISYS for Plaintiff's work, presumably indicating that DISYS paid Plaintiff's her salary, Second Am. Compl. ¶ 60. While the degree of the day-to-day control that DISYS exercised over Plaintiff is a key factor that

should be further developed and supplemented with additional facts, the third and fourth allegations just described give rise to a plausible inference that DISYS did control Plaintiff beyond simply hiring her and paying her paycheck. Accordingly, Plaintiff has sufficiently pled that DISYS was Plaintiff's employer and also, therefore, that DISYS was a joint employer with BANA/BAC.

DISYS argues at length that Plaintiff has not sufficiently "alleg[ed] facts showing that DISYS took some adverse employment action against her." But if DISYS is a joint employer with BANA, then all Plaintiff is required to show is that DISYS "knew or should have known about the harassment and failed to take effective action to stop it." *Takacs v. Fiore*, 473 F. Supp. 2d 647, 657 (D. Md. 2007). *See also Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009) *aff'd sub nom. Lima v. Adecco &/or Platform Learning, Inc.*, 375 F. App'x 54 (2d Cir. 2010) ("Though the Second Circuit has not ruled on the issue, other courts have found that even when a plaintiff establishes an entity's status as part of a joint employer, the plaintiff must still show that the joint employer knew or should have known of the [discriminatory] conduct and failed to take corrective measures within its control." (quotation omitted)). Plaintiff has clearly alleged that DISYS had actual knowledge of the alleged harassment, as she cites at least two instances of specific complaints that she made to them. Second Am. Compl. ¶¶ 24, 32. Contrary to DISYS's argument, Plaintiff is not required at this stage to identify to whom at DISYS she made these complaints.

In addition to showing DISYS's knowledge of any discrimination, Plaintiff must also show that DISYS neglected to take any action within its control to stop it. According to the Equal Employment Opportunity Commission ("EEOC"), examples of appropriate corrective measures may include "1) ensuring that the client is aware of the alleged misconduct; 2)

asserting the firm's commitment to protect its workers from unlawful harassment and other forms of prohibited discrimination; 3) insisting that prompt investigative and corrective measures be undertaken; and 4) affording the worker an opportunity, if (s)he so desires, to take a different job assignment at the same rate of pay." EEOC Notice No. 915.002 (1997), available at http://www.eeoc.gov/policy/docs/conting.html (last visited Dec. 9, 2013). The Second Amended Complaint plausibly alleges that DISYS did nothing and, to the contrary, told Plaintiff to be quiet and endure age discrimination when she complained. In its Motion to Dismiss, DISYS does not contend that it lacked the ability to take any corrective measures. For these reasons, Plaintiff has adequately pled that DISYS is liable as a joint employer as to Plaintiff's ADEA claims. Again, further stages of litigation and the facts developed therein may indicate that DISYS was not, in fact, Plaintiff's employer, or that it did take some corrective action. But the Court is required to take Plaintiff's well-pleaded allegations as true in a Motion to Dismiss.

Nonetheless, because Plaintiff has failed to make out a viable retaliation claim based on disability as to BANA, as discussed above, DISYS cannot be held jointly liable for any such claim. The Second Amended Complaint does not contain allegations against DISYS sufficient to support a direct claim against it for disability retaliation and in any event, Plaintiff appears to be resting solely on a joint liability theory.

For the above reasons, DISYS's Motion to Dismiss is **GRANTED** as to the retaliation claim based on disability, but otherwise is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, BAC's Motion to Dismiss is **DENIED**, BANA's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**, and DISYS's Motion to Dismiss is

11

**GRANTED IN PART** and **DENIED IN PART**. Plaintiff is **GRANTED THIRTY (30) DAYS** of limited discovery as to BAC detailed above.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December /3, 2013

/s/
Raymond A. Jackson
United States District Judge